IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Deborah McCauley | : | |
| 190 Hills Bridge Rd. | : | |
| Marietta, Ohio 45750 | : | Case No. 2:17-cv-1141 |
| | : | |
| Plaintiff, | : | Judge: |
| | : | |
| v. | : | Magistrate: |
| | : | |
| Quality of Life Home Care, LTD | : | **COMPLAINT WITH JURY** |
| 409 Second St. Suite D | : | **DEMAND ENDORSED HEREIN** |
| Marietta, Ohio 45750 | : | |
| | : | |
| and | : | |
| | : | |
| Don Oakley | : | |
| 409 Second St. Suite D | : | |
| Marietta, Ohio 45750 | : | |
| | : | |
| Defendants. | : | |

Plaintiff Deborah McCauley brings this action individually and as a putative representative for a collective action under Section 16 of the Fair Labor Standards Act, 29 U.S.C. § 216, and for a class action under Fed. R. Civ. P. 23.

Plaintiff, on behalf of herself in her individual claims, and on behalf of herself and other employees who are "similarly situated," brings this action for unpaid overtime compensation, and for damages arising out of other wage and hour violations. In addition to claims under the Fair Labor Standards Act, Plaintiff asserts claims under Ohio's minimum wage and overtime laws, ORC §4111 et seq. and Ohio's Prompt Pay Act, ORC §4113.15. Plaintiff also asserts individual claims for violations of the Family Medical Leave Act ("FMLA"), 29 U.S.C. §§2611 et seq.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §§1331, 1332, and/or 1337 and 29 U.S.C. §216(b) and over Plaintiff's FMLA claims pursuant to, 29 USCS §2617(a).

2. This Court has supplemental jurisdiction over Plaintiff's claims under the statutes and common law of the State of Ohio because those claims are so related to the FLSA claims as to form part of the same case or controversy.

3. Venue is proper in this district and division pursuant to 28 U.S.C. §1391(b) because the Defendants reside in this district and division and all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

4. Plaintiff is a citizen of the United States and a resident of Washington County, Ohio.

5. Plaintiff is employed by Defendants as a Home Health Aide.

6. Defendant Quality of Life Home Care, LTD (hereinafter "Company") is an Ohio limited liability company licensed and registered to do business in the State of Ohio with principal offices located in Marietta, Ohio.

7. Defendant Company is in the business of providing home nursing care services to disabled and elderly individuals.

8. Defendant Don Oakley (hereinafter "Oakley") is the owner of Defendant Company and upon information and belief is a resident of Washington County, Ohio.

9. Defendants are and have been, jointly and individually, "employers" as that term is defined by the FMLA, the FLSA, 29 U.S.C. §203(d), O.R.C. Chapter 4111, and the Ohio Constitution Art. 2 §34a.

10. During all relevant times, Defendant Oakley has been an employer pursuant to 29 U.S.C. §203(d) and Ohio law, in that he is a "person [who] act[ed] directly or indirectly in the interest of an employer in relation to employees."

11. During all relevant times, Defendant Oakley has had operational control over significant aspects of the day-to-day functions of Defendant Company, including the day-to-day functions of Plaintiff and those similarly situated.

12. During all relevant times, Defendant Oakley has had the authority to hire, fire, discipline employees, control the work schedules and working conditions of all employees, including Plaintiff and those similarly situated.

13. During all relevant times, Defendant Oakley has had the ultimate authority and control of employment records.

## FACTS

14. Plaintiff has been employed by Defendants since April 2016.

15. She travels to clients' homes in and around Marietta, Ohio and Cambridge, Ohio.

16. During her employment with Defendants, Plaintiff, and similarly situated members of the putative class, have worked as caregivers, or Home Health Aides, providing companionship services, domestic services, home care, and other in-home services.

17. During her employment with Defendants, Plaintiff, and similarly situated members of the putative class, have regularly worked more than 40 hours per week, but have not been paid one and one-half times their regular hourly rate of pay for hours worked in excess of 40 hours per work week. (See Exhibit A – Pay Stubs).

18. At all relevant times herein, Plaintiff and similarly situated members of the putative class were W2 employees of Defendants and worked in non-exempt, hourly positions.

19. Since January 1, 2015 Home Health Aides, such as Plaintiff, and similarly situated members of the putative class, have been non-exempt and entitled to receive overtime wages for all hours worked in excess of forty (40) hours per work week.

20. At all times relevant herein, it has been Defendants' policy to uniformly misclassify Plaintiff, and similarly situated members of the putative class, who work as Home Health Aides, as exempt from federal and state overtime provisions and to not pay such providers any overtime wages.

21. Defendants' policy is to pay Plaintiff, and similarly situated members of the putative class, the same hourly rate regardless of the number of hours worked.

22. Defendants regularly require Plaintiff, and similarly situated members of the putative class, to work significantly more than forty (40) hours per week.

23. At all relevant times to this action, Defendants have been engaged in commerce or in the production of goods for commerce, and/or the business activities of Defendants constituted an enterprise engaged in commerce within the meaning of the FLSA.

24. Upon information and belief, Defendants' employees were engaged in interstate commerce and Defendants have annual gross volume sales and/or business in an amount not less than $500,000.00.

25. During relevant times, Defendants suffered and permitted Plaintiff, and similarly situated members of the putative class, to work more than forty (40) hours per workweek, while not compensating them for all such hours worked over forty (40) at a rate of at least one and one-half times their regular rates.

26. Upon information and belief, Defendants, at all times relevant hereto, were fully aware of the fact that they were legally required to comply with the wage and overtime payment

laws of the United States and of the State of Ohio as well as recordkeeping laws of the State of Ohio.

27. During relevant times herein, Defendants had knowledge of and acted willfully in regard to their conduct described herein.

28. Defendants are in possession and control of necessary documents and information from which Plaintiff, and similarly situated members of the putative class, would be able to precisely calculate damages, or, in the alternative, Defendants otherwise failed to keep the required records.

29. By the conduct described in this Complaint, Defendants have violated the FLSA by failing to pay its Home Health Aides, including Plaintiff, and similarly situated members of the putative class, overtime wages they have earned and to which they are entitled by law by misclassifying them as exempt when they are non-exempt.

30. On October 17, 2017 Plaintiff Deborah McCauley was injured while cleaning the outside steps at a client's home.

31. Plaintiff suffered a fracture/sprain in her left foot and ankle.

32. Plaintiff has been off work since her injury.

33. Plaintiff's time off work qualifies as family medical leave under the Family Medical Leave Act.

34. Plaintiff is an eligible employee as that term is defined by the FMLA.

35. Defendants have harassed Plaintiff since her leave began, insinuating that she is not really injured and that she should be working despite her injury.

## CLASS ALLEGATIONS

36. The Named Plaintiff brings this FLSA claim pursuant to 29 U.S.C. §216(b) as a representative action on behalf of herself and all other Similarly Situated Persons ("SSPs") of the opt-in class, consisting of:

    All current and former employees of Defendants who have worked as support associates, caregivers, Home Health Aides, or other employees who provided companionship services, domestic services, home care, and/or other in-home services, and who worked over 40 hours in any workweek beginning January 1, 2015 through the date of final disposition of this case, and were not paid time and a half for the hours they worked over 40 (the "216(b) Class" or the "216(b) Class Members").

37. Examples of employees that may be members of the 216(b) Class include, but may not be limited to, caregivers, Home Health Aides, aides, and other employees who provided companionship services, domestic services, home care, and other in-home services for Defendants.

38. The 216(b) Class Members were no longer exempt from the FLSA as of January 1, 2015. *See* FLSA of 1938, §13(a)(15), 29 U.S.C. §213(a)(15), (21); 29 C.F.R. §552.109(a), (c), 552.6.

39. This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for overtime compensation, compensation withheld in violation of the FLSA, liquidated damages and attorneys' fees under the FLSA. In addition to the Named Plaintiff, numerous putative 216(b) Class Members have been denied proper overtime compensation due to Defendants' company-wide payroll policies and practices. The Named Plaintiff is a representative of those other similarly situated employees and is acting on behalf of their interests as well as her own in bringing this action.

40. The identities of the putative 216(b) Class Members are known to Defendants and are readily identifiable through Defendants' payroll records. These individuals may readily be

notified of this action, and allowed to opt into it pursuant to 29 U.S.C. §216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

41. The Named Plaintiff brings her Ohio Minimum Fair Wage Standards Act ("MFWSA") claims pursuant to Fed. R. Civ. P. 23 as a class action on behalf of herself and all other members of the following class: All current and former employees of Defendants who have worked as support associates, caregivers, Home Health Aides, home care managers, or other employees who provided companionship services, domestic services, home care, and/or other in-home services, and who worked over 40 hours in any workweek beginning January 1, 2015 through the date of final disposition of this case, and were not paid time and a half for the hours they worked over 40 (the "Rule 23 Class" or the "Rule 23 Class Members").

42. The Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

43. The Plaintiff is a members of the Rule 23 Class and her claims for unpaid wages are typical of the claims of other members of the Rule 23 Class.

44. The Plaintiff will fairly and adequately represent the Rule 23 Class and the interests of all members of the Rule 23 Class.

45. The Plaintiff has no interests that are antagonistic to or in conflict with those interests of the Rule 23 Class that they have undertaken to represent.

46. The Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire Rule 23 Class.

47. Questions of law and fact are common to the Rule 23 Class.

48. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants with respect to their non-exempt employees.

49. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) as Defendants acted or refused to act on grounds generally applicable to the Rule 23 Class, making appropriate declaratory and injunctive relief with respect to the Named Plaintiffs and the Rule 23 Class as a whole.

50. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) as the questions of law and facts common to the Rule 23 Class predominate over questions affecting individual members of the Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

51. Questions of law and fact that are common to the Rule 23 Class include, but are not limited to: (a) whether Defendants violated Chapter 4111 by failing to pay the Rule 23 Class for hours worked in excess of forty hours per week; (b) whether Defendants kept accurate records of the amount of time the Rule 23 Class was working each day; (c) whether Defendants calculated the Rule 23 Class's overtime rate of pay as required by the statute; (d) whether Defendants' violations of the Chapter 4111 were knowing and willful; (e) what amount of unpaid and/or withheld compensation, including overtime compensation, is due to the Named Plaintiff and other members of the Rule 23 Class on account of Defendants' violations of Chapter 4111; and (f) what amount of prejudgment interest is due to Rule 23 Class members on the overtime or other compensation which was withheld or not paid to them.

52. A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiff's claims and will prevent undue financial, administrative and procedural burdens on the parties and the Court. The Named Plaintiff and counsel are not aware of any pending Ohio litigation on behalf of the Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against the Defendants to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT I
## FLSA COLLECTIVE ACTION FOR UNPAID OVERTIME

53. All of the preceding paragraphs are re-alleged as if fully rewritten herein.

54. This claim is brought as part of a collective action by the Named Plaintiff on behalf of herself and the 216(b) Class.

55. The FLSA requires that employees receive overtime compensation for hours worked in excess of forty (40) per week. 29 U.S.C. § 207(a)(1).

56. During the three years preceding the filing of this Complaint, Defendants jointly employed the Named Plaintiff and the 216(b) Class Members.

57. The Named Plaintiff and the 216(b) Class Members were uniformly misclassified by Defendants as exempt from federal and state overtime provisions and therefore were not paid any overtime wages for their work as Home Health Aides.

58. Defendants' policy is to pay Plaintiff and other Home Health Aides a base hourly rate regardless of how many hours per week they work.

59. Defendants regularly required Plaintiff and other Home Health Aides to work significantly more than forty (40) hours per week for which they were not properly compensated.

60. Defendants failed to pay Plaintiff and other Home Health Aides 1.5 times their regular hourly rates for the hours worked over forty (40) in a workweek.

61. Defendants jointly violated the FLSA with respect to Named Plaintiff and the 216(b) Class by, *inter alia*, failing to compensate them at time and one-half times their regular rates for any hours worked over forty (40) hours in a workweek.

62. The Named Plaintiff and the 216(b) Class Members were not exempt from receiving FLSA overtime benefits beginning January 1, 2015.

63. Defendants knew or should have known of the overtime payment requirements of the FLSA. Since the January 1, 2015 exemption elimination, Defendants have willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the 216(b) Class Members are entitled

64. The exact total amount of compensation, including overtime compensation, that Defendants have failed to pay the Named Plaintiff and the 216(b) Class Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants or were not kept by Defendants.

65. As a direct and proximate result of Defendants' conduct, the Named Plaintiff and the 216(b) Class Members have suffered and continue to suffer damages. The Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of themselves and the 216(b) Class Members.

## COUNT II
## ORC §4111.03 – RULE 23 CLASS ACTION FOR UNPAID OVERTIME

66. All of the preceding paragraphs are re-alleged as if fully rewritten herein.

67. This claim is brought under Ohio Law.

68. The Named Plaintiff and the Rule 23 Class Members have been jointly employed by Defendants, and Defendants are each an employer covered by the overtime requirements under Ohio Law.

69. Ohio Law requires that employees receive overtime compensation "not less than one and one-half times" (1.5) the employee's regular rate of pay for all hours worked over forty (40) in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1).

70. While jointly employed by Defendants, the Named Plaintiff and the Rule 23 Class Members worked in excess of the maximum weekly hours permitted under O.R.C. §4111.03, but were not paid overtime wages for this time spent working.

71. Defendants' company-wide policy of misclassifying Plaintiff and other Home Health Aides as exempt resulted in unpaid overtime.

72. The Named Plaintiff and the Rule 23 Class were not exempt from the wage protections of Ohio Law.

73. Defendants' repeated and knowing failure to pay overtime wages to the Named Plaintiff violated O.R.C. §4111.03, and as such, Defendants willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the Rule 23 Class Members are entitled.

74. For Defendants' violations of O.R.C. §4111.03, by which the Named Plaintiff and the Rule 23 Class Members have suffered and continue to suffer damages, the Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of themselves and the Rule 23 Class Members.

## COUNT III
## O.R.C. 4113.15 — RULE 23 CLASS ACTION FOR OPPA VIOLATION

75. All of the preceding paragraphs are re-alleged as if fully rewritten herein.

76. During relevant times, Defendants were entities covered by the OPPA; and the Named Plaintiff was employed by Defendants within the meaning of the OPPA.

77. The OPPA requires Defendants to pay Named Plaintiffs and the Rule 23 Class Members all wages, including unpaid overtime, on or before the first day of each month, for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by them during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A). During relevant times, Named Plaintiff and the Rule 23 Class Members were not paid all wages, including overtime wages at one and one-half times their regular rate within thirty (30) days of performing the work. *See* O.R.C. § 4113.15(B).

78. The Named Plaintiff and the Rule 23 Class Members have unpaid wages which have remained unpaid for more than thirty (30) days beyond their regularly scheduled payday.

79. In violating the OPPA, Defendants acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio law.

# COUNT IV
# VIOLATIONS OF THE FAMILY MEDICAL LEAVE ACT

80. All of the preceding paragraphs are re-alleged as if fully rewritten herein.

81. Plaintiff Deborah McCauley's leave of absence beginning October 17, 2017 is FMLA qualifying leave.

82. Plaintiff is being treated for a serious health condition.

83. Defendants are aware of Plaintiff's serious health condition and her need for leave.

84. Plaintiff communicated with Defendants about her treatment and prognosis.

85. Defendants have not designated Plaintiff's leave as family medical leave nor advised her of her rights and responsibilities under the Family Medical Leave Act.

86. Defendants have harassed Plaintiff while on leave, accusing her of lying about her injury and malingering.

87. Defendants' failure to designate Plaintiff's leave as FMLA qualifying and failure to advise Plaintiff of her rights and responsibilities is a violation of the FMLA.

88. Defendants' harassment of Plaintiff is a violation of Plaintiff's FMLA rights.

89. Defendants know or should know that the failure to designate Plaintiff's leave as FMLA and failure to notify Plaintiff of her rights and responsibilities is a violation of the FMLA.

90. Plaintiff has been damaged by Defendants' interference with her FMLA rights such that she is entitled to damages therefore, including back pay, front pay, compensatory damages, attorney's fees, and liquidated damages.

# PRAYER FOR RELIEF

WHEREFORE, the Named Plaintiff requests judgment against Defendants, jointly and individually, for an Order:

A. Certifying the proposed FLSA collective action;

B. Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the 216(b) Class apprising them of the pendency of this action, and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

C. Certifying the proposed Rule 23 Class under Ohio Law;

D. Directing Defendants, at their own expense, to investigate and account for the number of hours actually worked by Named Plaintiff and the putative class and collective members per week, and if Defendants failed to keep accurate records in accordance with Ohio Law, Named Plaintiff, the 216(b) Collective Members and the Rule 23 Class Members are entitled to prove their hours worked with reasonable estimates;

E. Awarding to the Named Plaintiff and the 216(b) Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the FLSA;

F. Awarding to the Named Plaintiff and the Rule 23 Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by Ohio Law;

G. Awarding Named Plaintiff, the FLSA Class Members and the Rule 23 Class Members costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses.

H. Awarding Named Plaintiff, the FLSA Class Members and the Rule 23 Class Members such other and further relief as the Court deems just and proper;

I. Issuing an injunction prohibiting Defendants from engaging in present, ongoing and future violations of the FLSA, FMLSA, and Ohio Law;

J. Awarding the Named Plaintiff damages under the FMLA, including liquidated damages;

K. Granting the Named Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery; and

L. Rendering a judgment against Defendants for all damage, relief, or any other recovery whatsoever.

Respectfully Submitted,

*/s/Sharon Cason-Adams*
Sharon Cason-Adams (0067550)
Sharon@adamsliming.com
Adams & Liming, L.L.C.
Rivers Edge Corporate Center
1335 Dublin Road, Suite 104D
Columbus, Ohio 43215
(614) 488-2053-Telephone
(614) 488-2069-Facsimile

## JURY DEMAND

Plaintiff hereby demands trial by jury on all issues triable before a jury.

*/s/Sharon Cason-Adams*
SHARON CASON-ADAMS (0067550)